SEIGAFOLAVA R. PENE and
CARMENCITA PENE, Plaintiffs

v.

AMERICAN SAMOA POWER AUTHORITY and
ABE MALAE, Executive Director, Defendants

High Court of American Samoa
Trial Division

CA No. 67-88

August 29, 1988

Before KRUSE, Associate Justice, TAUANU'U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel: Plaintiffs S.R. Pene and Carmencita Pene pro se

For Defendants, James Doherty, Enere H. Levi, Martin R. Yerick, and Arthur Ripley, Jr., Assistant Attorneys General

Defendants seek to set aside default entered by the clerk upon the application of plaintiffs. Defendants appear to have been 5 days late in filing their answer and accordingly move the Court pursuant to Trial Court Rules of Civil Procedure (T.C.R.C.P.) Rule 55(c).

It should be noted that plaintiffs, upon securing the entry of default, filed contemporaneously a motion for default judgment which was duly set by the clerk for hearing on August 24, 1988. One day prior to that hearing, defendants filed their motion to set aside default and also sought to have the motion placed on the Court's calendar of August 24, 1988. This setting was administratively permitted. However, at the hearing the Court explained to plaintiffs (who appeared pro se) their entitlement to at least 10 days notice of defendants' motion and offered them a continuance. This option was declined and the motion to set aside default taken up.

T.C.R.C.P. 55(c) tracks the federal rule. It speaks of relief in terms of "good cause" shown and the granting or denial of relief has been repeatedly held to come within the sound discretion of the trial court.

Exercising this court's oft-stated preference of a trial on the merits to summary proceedings, we grant defendants' motion to set aside default. Defendants did not intentionally ignore plaintiff's complaint. Nor did defendants act in bad faith. Instead we essentially find here a situation of inaction attributable to counsel's administrative slip-ups in attorney work management and the scheduling of off-island travel. Indeed,

prior to the expiration of time for answering the complaint, government counsel made an appearance to oppose plaintiffs' preliminary motion for injunctive relief; yet no one filed an answer. Although the Attorney General should take note of this uncharacteristic breakdown in coordination within his office, these circumstances are not the sort of neglect that should be held against the client.

Against this, we have given due regard to potential prejudice to plaintiffs. While the 5 day delay may be seen as having caused unnecessary inconvenience to plaintiffs in first having to seek default measures and then finding themselves having to contest a defense motion to set that default aside, these are hardly sufficient grounds to tip the balance of equities against the defendants.

Additionally, plaintiffs' claim involves a substantial sum of money. This has been a recurring ground cited in the cases to favor a hearing on the merits over adjudication by default proceedings.

Finally, and although not addressed by either side, the record on file with the clerk raises some doubt whether service of the complaint and summons was sufficiently perfected in order to trigger the commencement of the twenty day period for answering the complaint. The defendant, American Samoa Power Authority, is a statutory corporation with capacity to sue and be sued. However, the very first provision of the incorporating statute, A.S.C.A. § 15.0101, talks of establishing "a governmental agency within the executive branch of the government." Given this description of the Authority, we look to T.C.R.C.P. 4(d)(6) which requires service upon the American Samoa Government "or other governmental organization in American Samoa subject to suit," to be made by delivering a copy of the complaint and summons to the Attorney General or to his designated representative. From what we gather by way of returns and the affidavits of counsel on file, it appears that service was not made by delivery to the Attorney General. In that we were not briefed on the issue raised, we do not rule on the matter at this time. It suffices for our purposes here to merely mention our reservations.

As both parties have alternatively indicated to the Court not only their desire but also readiness to set this matter for immediate trial, an order will also enter directing the clerk to set this matter for hearing within 30 days hereof and to notice the parties accordingly.

It is so Ordered.